## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## URBANA DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case No. 07-CR-20112** |
| | ) | **Case No. 09-CR-20013** |
| **v.** | ) | |
| | ) | |
| **ALBERT B. JONES,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |
| | ) | |

## OPINION

This case is before the court on Defendant's Motions for Modification of Judgment (07-CR-20112 #31; 09-CR-20013 #12). The Defendant requests this court to issue a detailed payment schedule, which he alleges that the court was required to do, but did not, during his sentencing. This court has carefully reviewed the briefs filed by Defendant and the Government. Following this review, Defendant's Motions (07-CR-20112 #31; 09-CR-20013 #12) are DENIED.

## Background

On December 4, 2007, Defendant was indicted for bank robbery in Case 07-CR-20112 in this court. (07-CR-20112, #1). On February 10, 2009, this court consented to a transfer of jurisdiction over Case 08-CR-30246-WDS-CJP from the Southern District of Illinois, and docketed that case here as Case No. 09-CR-20013 (09-CR-20013 #1). In 09-CR-20013,

Defendant had also been indicted for bank robbery, but of a different institution. On February 17, 2009, Defendant entered into a plea agreement in both cases (07-CR-20112 #23; 09-CR-20013 #4). He was sentenced and judgment was entered against him on May 15, 2009 (07-CR-20112 #31; 09-CR-20013 #12). Among other conditions and requirements in the sentence, Defendant was ordered to pay $24,067.00 in restitution.

On January 17, 2013, Defendant filed the present Motions for Modification of Judgment in both cases. As far as this court can tell, both motions are identical; Defendant even labeled each with both case numbers. On February 22, 2013, the Government filed its Response in both cases (07-CR-20112 #32; 09-CR-20013 #13).

## Analysis

In his Motion, Defendant argues that he should have received a detailed payment schedule, arguing that this court has subject-matter jurisdiction to issue a revised restitution order pursuant to 18 U.S.C. § 3664(k). That statute reads as follows:

> A restitution order shall provide that the defendant shall notify the court and the Attorney General of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution. The court may also accept notification of a material change in the defendant's economic circumstances from the United States or from the victim. The Attorney General shall certify to the court that the victim or victims owed restitution by the defendant have been notified of the change in circumstances. Upon receipt of the notification, the court may, on its own motion, or the motion of any party, including the victim, adjust the payment schedule, or require immediate payment in full, as the interests of justice require.

18 U.S.C. § 3664(k). There are two hurdles that Defendant cannot overcome: 1) a material change in his economic circumstances; and 2) certification by the Attorney General of that

change. Defendant does not allege, and the court has not received any notification thereof, that Defendant's economic circumstances have materially changed. Second, the court has not received a certification stating the same from the Attorney General. On this ground alone, Defendant's Motions must be denied.[1]

As to the substance of the motions, Defendant cites to a number of cases in support of the proposition that this court should have ordered a payment schedule: *United States v. Kinlock*, 147 F.3d 297, 298 (2d Cir. 1999); *United States v. Mortimer*, 94 F.3d 89 (2nd Cir. 1996); *United States v. Coates*, 178 F.3d 681 (3rd Cir. 1999); *United States v. Miller*, 77 F.3d 71 (4th Cir 1996); *United States v. Myers*, 198 F.3d 160 (5th Cir. 1999*); United States v. McGlothlin*, 249 F.3d 783 (8th Cir. 2001); *United States v. Gray*, 175 F.3d 617 (8th Cir. 1999); *United States v. Rea*, 169 F.3d 1111 (8th Cir. 1999) and *United States v. Turner*, 975 F.2d 490 (8th Cir. 1992). Although this is an admirable amount of research, he has unfortunately overlooked the fact that this court (which, of course, is the same one that entered his sentence) is in the Seventh Circuit.

The Court of Appeals for the Seventh Circuit held unequivocally that "a judgment of conviction need not contain a schedule of restitution payments to be made during incarceration."

---

[1] The Government argues that Defendant's failure to comply with these elements is a "jurisdictional" fault. Although no precedent from the Seventh Circuit could be found, it appears that other Courts of Appeal have found that the Mandatory Victims Restitution Act of 1996, Pub. L. 104-132, 110 Stat. 1227, *codified at* 18 U.S.C. §§ 3663A and 3664, is an act delineating procedural rules (the name of § 3664 being "Procedure for issuance and enforcement of order of restitution). *See United States v. Dolan*, 571 F.3d 1022, 1026-27 (10th Cir. 2009) (holding that the 90-day time limit of § 3664 does not strip the federal courts of subject-matter jurisdiction); *United States v. Vandeberg*, 201 F.3d 805, 814 (6th Cir. 2000) ("The MVRA permits amendments to restitution orders to reflect changed circumstances, and neither confers nor terminates a court's jurisdiction."). In general, claims-processing rules, which are procedural in nature, are not strictly jurisdictional. *Bowles v. Russell*, 551 U.S. 205, 211 (2007). If the statute were in fact jurisdictional, this court would be prohibited from entering an order ruling on the Motion. In the interest of completeness and out of caution, the statute is presumed to not be jurisdictional so as to permit the court to reach the merits of Defendant's argument.

*United States v. Sawyer*, 521 F.3d 792, 795 (7th Cir. 2008). In that opinion, the appellate court specifically noted that it came to a contrary conclusion from the Second, Third, Sixth, Eighth, Ninth, and Tenth Circuits. *Id*. It also noted that its decision agreed with the holdings in *United States v. Dawkins,* 202 F.3d 711 (4th Cir. 2000), and *United States v. Miller,* 406 F.3d 323 (5th Cir. 2005), cases that were decided after the Fourth and Fifth Circuit cases that Defendant cites. *Id*. As *Sawyer* is still good law in this Circuit, this court is required to follow it.

IT IS THEREFORE ORDERED THAT:

(1) Defendant's Motion for Modification of Judgment, 07-CR-20112 #31, is DENIED.

(2) Defendant's Motion for Modification of Judgment, 09-CR-20013 #12, is DENIED.

ENTERED this 11th day of March, 2013

**s/ Michael P. McCuskey**

MICHAEL P. McCUSKEY
U. S. DISTRICT JUDGE